CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6748
savith.iyengar@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* VERITY INVESTIGATIONS, LLC, <br><br> Plaintiff-Relator, <br><br> v. <br><br> IGEL TECHNOLOGY CORPORATION, <br><br> Defendant. | Case No. 3:25-cv-03290-WHO <br><br> **UNITED STATES' NOTICE OF ELECTION OF INTERVENTION FOR PURPOSES OF SETTLEMENT; [~~PROPOSED~~] ORDER TO UNSEAL** <br><br> **FILED UNDER SEAL** |

The United States of America ("United States") respectfully notifies the Court as follows:

1.     The United States, Relator Verity Investigations, LLC ("Relator"), and Defendant IGEL Technology Corporation ("IGEL") have entered into a settlement agreement to resolve the claims against IGEL in this *qui tam* action.  In light of this agreement, and for the purpose of effectuating and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully advises the Court of its decision to intervene in this action for purposes of settlement. Specifically, the United States intervenes in this action against IGEL with respect to civil claims predicated upon the following factual allegations ("Covered Conduct"):

> The United States contends that IGEL applied for and obtained approval for a first-draw PPP loan on or about June 3, 2020.  IGEL reported having 105 employees.  However, IGEL was not eligible for the first-draw PPP loan because it exceeded the requisite size standards when including affiliated entities.  The United States further contends that, despite knowing that it was not eligible for the first-draw loan, IGEL applied for and obtained forgiveness of the loan on or about November 20, 2020.

2.	Under the terms and conditions of the settlement agreement among the parties, the United States and Relator will file a Joint Stipulation of Dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1) following IGEL's payment of the settlement amount.

3.	The United States respectfully requests that Relator's complaint, any case management order issued by the Court, this notice, and the attached proposed order be unsealed.  The United States respectfully requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal period and time for making an election to intervene should be extended.

4.	A proposed order accompanies this notice.


DATED:  June 23, 2026	Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 _s/ Savith Iyengar_____
SAVITH IYENGAR
Assistant United States Attorney

Attorneys for the United States of America

## [~~PROPOSED~~] ORDER TO UNSEAL

The United States having intervened in this action for purposes of settlement pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the Court rules as follows:

IT IS ORDERED THAT:

1.     The seal shall be lifted upon Relator's complaint, any case management order issued by the Court, the United States' notice of election of intervention for purposes of settlement and proposed order to unseal, this Order, and any subsequent filings in this case.

2.     All other papers or orders on file in this action shall remain under seal except to the extent unsealed or authorized to be unsealed by prior or subsequent order of this Court.

IT IS SO ORDERED.

DATED: June 23, 2026

HON. WILLIAM H. ORRICK
United States District Judge